SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 544-1013
Facsimile: (415) 397-8549

Attorneys for Plaintiff RUC14 Playa LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TA PARTNERS APARTMENT FUND II, LLC,<br><br>                      Debtor. | Case No. 8:24-bk-11279-TA |
| RUC14 PLAYA LLC, in its own behalf and derivatively on behalf of TA PARTNERS, APARTMENT FUND II, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>TA PARTNERS LLC, TA PARTNERS APARTMENT FUND II LLC, JOHNNY LU, ALFA IDG LLC, YAOJUN LIU, THRIVING FUTURE LLC, GREENWELL HHC LLC, ZHONGJUN ZHENG, LCS CONSULTING GROUP LLC, CAIYANG CHANG, HANKEY CAPITAL LLC, CHICAGO TITLE INSURANCE COMPANY, PARTNERS CAPITAL SOLUTIONS FUND, PREFERRED BANK, VARDE PARTNERS, INC., VP IRVINE LENDER LLC, and DOES 1-50, inclusive,<br><br>                      Defendants. | Adv. Case No.<br><br>(Removed from Superior Court of the State of California, County of Los Angeles Case No. 24TRCV00859)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT** |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that Plaintiff RUC14 Playa LLC (the "Plaintiff") hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States Bankruptcy Court for the Central District of California, asserting original jurisdiction pursuant to 28 U.S.C. §1334 and removal jurisdiction pursuant to 28 U.S.C. §1452, Federal Rule of Bankruptcy Procedure 9027 and Local Rule 9027-1.[1]  In support of removal, the Plaintiff states as follows:

**I.   PLEADINGS, PROCESSES, AND OTHERS**

On or about March 14, 2024, the Plaintiff initiated an action styled *RUC14 Playa LLC, on its own behalf and derivatively on behalf of TA Partners Apartment Fund II LLC v. TA Partners LLC, et al.*, which action remains pending in the Superior Court of the State of California, County of Los Angeles, under case number 24TRCV00859 (the "State Court Action").  Plaintiff initiated the State Court Action by filing summonses and a complaint (the "Initiating Documents").   Since that time, other pleadings and documents have been filed in the State Court Action (the "Case Documents").  A full and complete copy of the Initiating Documents and the Case Documents was attached to a Notice of Removal filed with the United States District Court for the Central District of California as Exhibit A.

On or about May 20, 2024 (the "Filing Date"), TA Partners Apartment Fund II LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code [11 U.S.C. § 101, *et seq*.](the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, under case number 8:24-bk-11279-TA (the "Bankruptcy Case").  The Debtor in the Bankruptcy Case is a defendant in the State Court Action.

**II.   RELEVANT BACKGROUND**

The Plaintiff initiated the State Court Action to investigate the circumstances

---

[1] The action was previously removed to the United States District Court for the Central District of California, which Court then ordered that the action be referred to this Bankruptcy Court.  However, the Clerk of the Bankruptcy Court has requested that this separate notice of removal to the Bankruptcy Court be filed.

2

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT

Main Document    Page 3 of 4

surrounding all of the Defendants actions in regard to certain real property owned by the Debtor (the "Real Property") and the financial situation of the Debtor (prior to its Bankruptcy Case), and seek compensation for damages suffered as a result. The Real Property remains the sole asset of the Debtor in the Bankruptcy Case and will most likely be the mechanism through which creditors of the Debtor, including but not limited to the Plaintiff, will receive payment on their claims against the Debtor. The State Court Action also contains direct claims against the Debtor. Moreover, the State Court Action contains causes of action which were brought by Plaintiff, derivatively on behalf of the Debtor (the "Derivative Claims"). The Derivative Claims would now belong only to the Debtor. As a result, the State Court Action now relates to, and concerns, assets of the Debtor's estate and the administration of the estate.

## III.    TIMELINESS OF REMOVAL

Fed.R.Bankr.P. 9027(a)(2) states, "[i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."

The State Court Action was pending when the Bankruptcy Case was commenced on May 20, 2024. Therefore, according to Fed.R.Bank.P. 9027(a)(2), the Plaintiff had until August 19, 2024 (as August 18, 2024, is a Sunday), by which to file a notice of removal. On August 19, 2024, the Plaintiff filed a Notice of Removal with the United States District Court for the Central District of California. As such, the Notice of Removal was timely filed under Fed.R.Bankr.P. 9027.

## IV.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies in this Court pursuant to 28 U.S.C. § 1452, Fed.R.Bankr.P. 9027, and Local

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT

Rule 9027-1. The State Court Action was originally brought in the Superior Court of the State of California, County of Los Angeles, which is in the district over which this Court presides.

## V.   CORE PROCEEDING AND CONSENT TO FINAL ORDERS

Upon removal of the State Court Action, the matter will be a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), among others. Further, as such the Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

## VI.   NOTICE OF REMOVAL

Pursuant to Fed.R.Bankr.P. 9027(b) and (c), written notice of the filing of the Notice of Removal with the United States District Court for the Central District of California was promptly served on Defendants and, together with a copy of the Notice of Removal, was filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. Plaintiff promptly filed with the United States District Court for the Central District of California a proof of service reflecting the foregoing as well .

Pursuant to Local Rule 9027-1, this Notice of Removal will be filed with the Clerk of the United States Bankruptcy Court for the Central District of California and simultaneously served on all other parties to the removed action, on any trustee appointed in the bankruptcy case, and on the United States Trustee.

## VII.   PRAYER FOR REMOVAL

Based on the foregoing, RUC14 Playa LLC prays that the civil action commenced by it be removed from the Superior Court of the State of California, County of Los Angeles, to the United States Bankruptcy Court for the Central District of California.

DATED: September 27, 2024                        SEYFARTH SHAW LLP

By: /s/ M. Ryan Pinkston
    M. Ryan Pinkston

Attorneys for Plaintiff RUC14 Playa LLC

313833381v.1